**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1217
_____

ROMEO SEKOU KONNEH,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A059-011-203)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 1, 2021.

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: October 1, 2021)
_____

**OPINION**[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Focus on a few strong claims or throw in the kitchen sink? Every litigant faces that strategic choice. Romeo Konneh chose the former. He asked for cancellation of removal but not asylum or protection under the Convention Against Torture. But when his claim was denied, he regretted this strategy and tried to reopen his case. The Board of Immigration Appeals declined. Because that ruling was reasonable, we will deny his petition for review.

## I. BACKGROUND

Konneh grew up in Liberia at the height of its civil war. Despite the war's end, his tribe (the Mandingos) has faced daily discrimination, land confiscation, and even ethnic killings. And his family members have been threatened, beaten, and stabbed. To escape this violence, he applied for a diversity visa and came to the United States. But after he committed several felonies, federal officials moved to deport him.

Konneh sought cancellation of removal because removal would cause hardship to his family. But he did not claim other forms of relief like asylum, withholding of removal, or protection under the Convention. The immigration judge denied relief and ordered his removal.

Konneh appealed to the Board. He claimed that his lawyer had not asked him if he was afraid to return to Liberia. Plus, Konneh said, the lawyer never told him about the other forms of relief. He also claimed that, since the order of removal, he had gotten new threats on Facebook. So he asked the Board to reopen his case, let him raise these other claims, and admit the new evidence.

The Board denied his motion. It noted that Konneh's former lawyer said he had explored these other claims. It characterized his lawyer's decision not to raise them as "strategic." AR 4. And it found that the Facebook threats resulted from longstanding ethnic tensions, not new dangers that postdated his hearing.

Now Konneh challenges the Board's refusal to reopen his case. We review its decision not to reopen for abuse of discretion. *Bamaca-Cifuentes v. Att'y Gen.*, 870 F.3d 108, 110 (3d Cir. 2017). But we review the underlying ineffective-assistance-of-counsel claim de novo. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007).

## II. KONNEH'S LAWYER WAS EFFECTIVE

Konneh first challenges his lawyer's performance as ineffective. To win, he must show that the lawyer's performance "prevented him from reasonably presenting his case and caused him 'substantial prejudice.'" *Contreras v. Att'y Gen.*, 665 F.3d 578, 584 (3d Cir. 2012) (quoting *Fadiga*, 488 F.3d at 155). In other words, he must show a "reasonable likelihood that the result would have been different" absent his counsel's errors. *Fadiga*, 488 F.3d at 159 (quoting *United States v. Charleswell*, 456 U.S. 347, 362 (3d Cir. 2006)).

Konneh does not meet this standard. He never explains how a better lawyer would have helped. He says his lawyer did not ask him about applying for asylum. But his lawyer insists that both he and his staff asked Konneh if he feared returning to Liberia or wanted to apply for asylum or withholding of removal. At a hearing, the immigration judge even asked Konneh if he was afraid to return. AR 591. Plus, when the judge ordered Konneh removed, he replied, "I want to go back to my country, since I cannot be granted to stay

3

here …. I don't mind going to my country." AR 703–04. That request belies his claim that he feared returning.

Because Konneh has not shown that his lawyer's performance was subpar, much less that it likely affected the outcome here, his ineffective-assistance claim fails.

### III. KONNEH PROVIDED NO NEW MATERIAL EVIDENCE

Konneh also argues that because he offered evidence of new threats, the Board should have reopened his case. Aliens may move to reopen their removal proceedings based on changed circumstances. But to do that, the motion must "state the new facts" amounting to "material" evidence that "could not have been discovered or presented" during earlier proceedings. 8 C.F.R. § 1003.2(c)(1).

Konneh's motion did not do that. Most of the evidence Konneh gave the Board rehashed his family's long history of persecution and Liberia's ethnic strife. Konneh knew this history long ago and could have presented it earlier. And although he mentioned receiving personal threats for the first time after the removal order, the Facebook message and voicemail transcript that he submitted could have predated that order: neither listed a year. *See Vahora v. Holder*, 707 F.3d 904, 911 (7th Cir. 2013). So he failed to present evidence of new circumstances, and the Board reasonably denied his motion to reopen. We will thus deny his petition for review.

4